IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| MICHELE PEASE, | * | CIV. NO. JKB-23-0717 |
| Plaintiff, | * | |
| v. | * | |
| THE NEMOURS FOUNDATION, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

Plaintiff Michele Pease brought this action alleging age discrimination against Defendant the Nemours Foundation ("Nemours"), her employer of more than a decade. (*See* Compl., ECF No. 1.) Nemours has moved to dismiss Pease's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 4.) The Motion to Dismiss is fully briefed and no hearing is required to resolve it. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons set forth below, the Motion will be granted.

### I.   *Factual and Procedural Background*[1]

Prior to the events at issue here, Michele Pease had been employed by Nemours for approximately eleven years and had worked remotely from her home in Maryland for about eight years. (Compl. ¶¶ 6, 7.) At the time that Nemours began a corporate restructuring effort, Pease worked as a Quality Control Abstractor in its Health Information Management ("HIM")

---

[1] At the motion to dismiss stage, the "well-pled allegations of the complaint" are accepted as true and "the facts and reasonable inferences derived therefrom" are construed "in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997) (citing *Little v. Fed. Bureau of Investigation*, 1 F.3d 255, 256 (4th Cir. 1993)).

1

Department. (*Id.* ¶ 5.) Pease asserts that she was "an exemplary employee" in that role: she "met all statistical quotas and goals and was well regarded by her peers and the management" at Nemours. (*Id.* ¶ 19.)

In or around March or April of 2022, as part of its restructuring, Nemours terminated all of its current employees, including Pease, and "forced [them] to reinterview for the same positions." (*Id.* ¶ 8.) Pease implies, but does not state explicitly, that she interviewed for her prior position of Quality Control Abstractor. (*See id.* ¶¶ 8–9.) However, in spite of her "significant experience, high quality work, and history" with Nemours, Pease, who was fifty-eight years old at the time, was "not given a position[.]" (*Id.* ¶¶ 9, 10.) She asserts that "[t]hose hired or otherwise retained" by Nemours "were less qualified and significantly younger"—up to fifteen years younger—than she was. (*Id.* ¶¶ 10, 20.) At some point after her interview, Pease was "offered either a severance package, which would have required her to waive any and all causes of action against [Nemours], or . . . a demotion to a lower-paying position as a HIM Verification Specialist." (*Id.* ¶ 11.) It is not clear whether Pease accepted this lower-paying position. (*See generally id.*) Pease subsequently filed a Charge of Discrimination with the United States Equal Opportunity Employment Commission ("EEOC"), which issued her a Right to Sue Letter on or around March 10, 2023. (*Id.* ¶¶ 12–13.)

Pease filed this lawsuit on March 16, 2023. (*See generally id.*) She alleges that Nemours's conduct toward her violated the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623(a), and subsection 20-606(a) of the Maryland Fair Employment Practices Act ("FEPA"). (*Id.* ¶ 15.) ADEA § 623(a)(1) makes it unlawful for employers to "fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's age[.]" Subsection

2

20-606(a) of the FEPA contains a nearly identical prohibition. *See* Md. Code Ann., State Gov't § 20-606(a)(1)(i).

Nemours moved to dismiss Pease's Complaint, arguing that Pease has failed to make "factual allegations sufficient to establish a prima facie case of discrimination[.]" (Mem. Supp. Mot. Dismiss, ECF No. 4-1, at 4.) Nemours does not dispute Pease's age, qualifications, or termination, nor does it dispute that it ultimately offered Pease either a severance package or a "demotion." (Compl. ¶ 11; *see generally* Mem. Supp. Mot. Dismiss.) It contends that Pease has failed to allege discrimination because "the same fate met both her and the unidentified 'younger' employees she mentions[:] an offer of employment from Nemours following the restructuring." (*Id.* at 5.) Because "Pease does not indicate what positions these [younger] individuals were 'hired or otherwise retained' to fill[,]" Nemours argues that she has not "'identif[ied] a similarly situated [employee] outside a protected class . . . [who] *did* in fact receive different treatment'"—and that her discrimination claim therefore fails. (*Id.* (quoting *Peterson v. Northrop Grumman Sys. Corp.*, Civ. No. WMN-13-3812, 2015 WL 132605, at *3 (D. Md. Jan. 8, 2015)).)

## II.    *Legal Standard*

When considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must "accept as true all well-pleaded allegations and view the complaint in the light most favorable to the plaintiff." *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005). To survive a motion to dismiss, the plaintiff's factual allegations must "'state a claim to relief that is plausible on its face.'" *Ray v. Amelia Cnty. Sheriff's Off.*, 302 F. App'x 209, 211 (4th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "A claim has facial plausibility" when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that

offers 'labels and conclusions' or . . . 'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. *Id.* (alteration in original) (quoting *Twombly*, 550 U.S. at 555, 557).

A plaintiff may allege age discrimination under the ADEA "either by presenting direct evidence of discrimination or through the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)." *Song v. Becerra*, No. 20-1554, 2021 WL 3732961, at *1 (4th Cir. Aug. 24, 2021). Maryland "courts traditionally seek guidance from federal cases in interpreting [the FEPA,]" and they too apply the *McDonnell Douglas* framework in evaluating age discrimination claims brought under FEPA § 20-606(a). *Haas v. Lockheed Martin Corp.*, 914 A.2d 735, 742 (Md. 2007); *see Dobkin v. Univ. of Balt. Sch. Of Law*, 63 A.3d 692, 699–700 (Md. Ct. Spec. App. 2013) (collecting cases).

To make a prima facie showing of age discrimination that satisfies the initial *McDonnell Douglas* burden, a plaintiff must allege four elements: that "(1) at the time of her firing, she was at least 40 years of age; (2) she was qualified for the job and performing in accordance with her employer's legitimate expectations; (3) her employer nonetheless discharged her; and (4) a substantially younger individual with comparable qualifications replaced her." *Westmoreland v. TWC Admin., LLC*, 924 F.3d 718, 725 (4th Cir. 2019). "[W]hile a plaintiff is not required to plead facts that constitute a prima facie case [of age discrimination] in order to survive a motion to dismiss," her "'[f]actual allegations must be enough to raise a right to relief above the speculative level[.]'" *Coleman v. Md. Ct. Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510–15 (2002) and quoting *Twombly*, 550 U.S. at 555).

*III. Analysis*

Pease's Complaint will be dismissed because her allegations concerning the fourth element of a prima facie case of age discrimination—that she was "replaced" by a substantially younger

4

individual with "comparable qualifications"—are not pled with sufficient plausibility. *Westmoreland*, 924 F.3d at 725.

In *Tickles v. Johnson*, the Court of Appeals for the Fourth Circuit considered whether a district court had properly dismissed the age discrimination claim of a plaintiff who alleged that he met his employer's "Guidelines" for a promotion but did not allege the specific "qualifications for [promotion], his qualifications, those of [his younger co-workers], or how theirs were inadequate." 805 F. App'x 204, 206 (4th Cir. 2020) (internal quotation marks omitted). The Court of Appeals, "focus[ing] on whether the Complaint contains factual allegations . . . that support a 'reasonable inference' that [the defendant] discriminated against [the plaintiff] 'because of' his age,'" found that dismissal had been proper. *Id.* at 207 (quoting *McCleary-Evans v. Maryland Dept. Transp., State Highway Admin.*, 780 F.3d 582, 585, 586 (4th Cir. 2015)). "Notably absent" from the plaintiff's complaint, the *Tickles* court observed, were "specific allegations that would give rise to a reasonable inference of age-based discrimination, such as the nature of the requirements for promotion, [the plaintiff's] own qualifications, [or] the *qualifications . . . of his proposed comparators*." *Id.* at 208 (emphasis added). Without those specifics, the Fourth Circuit concluded that the plaintiff, "while alleging facts consistent with age discrimination, [had] failed to nudge his claims 'across the line from conceivable to plausible.'" *Id.* (quoting *Woods v. City of Greensboro*, 855 F.3d 639, 657 (4th Cir. 2017)).

Pease's Complaint is afflicted with similar deficiencies. First, Pease does not plausibly allege that she was passed over for her prior position in favor of a substantially younger individual, or even that substantially younger individuals fared better in Nemours's restructuring. Pease claims that she was a qualified and well-regarded Quality Control Abstractor in Nemours's HIM Department until the restructuring, and that Nemours's terminated employees were "forced . . . to

5

reinterview for the same positions." (Compl. ¶¶ 8, 19.) Accepting these allegations as true, the Court can reasonably infer that Pease reinterviewed for the position of Quality Control Abstractor, and that she was qualified for that role. Crucially, however, Pease does not allege that any substantially younger individuals were offered positions as Quality Control Abstractors. (*See generally id.*) She claims only that substantially younger individuals were "hired or otherwise retained" by Nemours, without naming those individuals' job titles either before or after the restructuring. (*Id.* ¶ 10.) Further, although Pease alleges that Nemours ultimately offered her a "lower-paying" position as a HIM Verification Specialist, she does not allege that her younger colleagues were offered jobs that paid as much as or more than they received prior to the restructuring. (Compl. ¶ 11; *see generally id.*) Absent the specific allegation that any of these younger persons "replaced" Pease in the role of Quality Control Abstractor or were otherwise not offered "demotion[s]" as she was, the Court cannot reasonably draw comparisons between their treatment and Pease's for the purpose of determining whether Nemours treated Pease differently because of her age. (Compl. ¶ 11.)

Even assuming Nemours did hire or retain substantially younger individuals as Quality Control Abstractors following the restructuring, Pease has not made the kind of specific allegations about her qualifications, her comparators' qualifications, and Nemours's hiring criteria for that role that would tend to support the conclusion that Pease's age was the reason she was not rehired to the same position. She claims that the younger hires were "less qualified" than she was, but she does not explain how or why their qualifications did not measure up to hers. (Compl. ¶ 10; *see generally id.*) Without more than this conclusory assertion, the Court "can only speculate that the persons hired were not better qualified, or did not perform better during their interviews, or were not better suited based on experience and personality for the positions." *McCleary-Evans*, 780

F.3d at 586. Pease's Complaint thus "stop[ped] short of the line between possibility and plausibility of entitlement to relief" in alleging that Nemours replaced Pease with a younger employee because of Pease's age. *Id.* (quoting *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557)).

The Court concludes that Pease has failed to state a claim for age discrimination under the ADEA and the FEPA. Accordingly, her Complaint will be dismissed.

### IV.   Conclusion

For the foregoing reasons, a separate Order will issue granting Nemours's Motion to Dismiss (ECF No. 4) and closing this case.

DATED this __8__ day of June, 2023.

BY THE COURT:

_/s/ James K. Bredar_
James K. Bredar
Chief Judge